[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2009
THOMAS K. KAHN
CLERK

No. 08-15453
Non-Argument Calendar

_____

D. C. Docket No. 07-00328-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JACOB CHAPPELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 19, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Chappell appeals his sentence of 77 months of imprisonment for the

possession of ammunition by a convicted felon. 18 U.S.C. § 922(g)(1). Chappell argues that he was entitled to a downward adjustment for his acceptance of responsibility, and he challenges the enhancement of his sentence for possession of ammunition in connection with another felony offense. We affirm.

## I. BACKGROUND

While Chappell was a passenger in Bobby Glass's vehicle, the two men were arrested on outstanding arrest warrants. Officer William Hudson searched the vehicle and discovered in the passenger floorboard fragments of a crystal substance that he believed to be methamphetamine and a black book bag and under the passenger seat a .380 caliber handgun. Chappell admitted to an officer that he had crushed the crystal substance with his shoe, and Chappell admitted ownership of the book bag but denied knowledge of the gun. Inside the book bag, officers discovered seven rounds of .380 caliber ammunition. Chappell later told authorities that he "t[oo]k responsibility for making the decision to get in the car that night. I knew the person I was riding with, and that I was on state probation. I knew I shouldn't have been in that car."

Chappell was indicted for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and possession of ammunition by a convicted felon, id. Chappell agreed to plead guilty to the ammunition charge and submit to the court a

factual resume in exchange for a recommendation by the government for a sentence at the low end of the guideline range and dismissal of the firearm charge. In the final paragraph of his factual resume, Chappell admitted that he had "knowingly possessed [the seven (7) rounds of .380 caliber] ammunition" that police discovered in his book bag.

At the change of plea hearing, Chappell acknowledged that the government would have to prove that he knowingly possessed ammunition. Chappell also agreed that the government could prove the facts contained in his factual resume. The district court accepted Chappell's plea of guilt.

The presentence investigation report provided a base offense level of twenty, United States Sentencing Guidelines § 2K2.1(a)(4)(A) (Nov. 2007), and increased that level by four points for possession of ammunition in connection with another felony offense, id. § 2K2.1(b)(6). The report also decreased the base level by three points because Chappell accepted responsibility for his conduct and timely notified authorities of his intent to plead guilty. Id. § 3E1.1. With a criminal history of IV, the report provided a sentencing range between 57 and 71 months of imprisonment.

Chappell objected to the presentence report and challenged the application of section 2K2.1(b)(6). Chappell argued that he had not conceded in his factual

3

resume actual knowledge of the bullets found in his book bag and he had pleaded guilty because the government could prove a prima facie case based on his "'joint constructive possession' of certain inculpatory evidence found in the vehicle." Chappell added that he had taken and continued to take "responsibility for his conduct in this matter."

During the sentencing hearing, Chappell repeated his objection to the enhancement. Chappell acknowledged that the government could "technically" argue that the ammunition was discovered "during the course of possession of drugs that were found in the car[,]" but he argued that he had never been charged with a drug offense. Based on Chappell's argument, the district court questioned whether Chappell had accepted responsibility for the possession of ammunition when he disavowed knowledge of the bullets. Chappell responded that "after he got in the car, he knew or should have known" about the ammunition and he was unaware how the ammunition got into his backpack. The district court stated that Chappell could not be held responsible for the ammunition without actual knowledge and the court was not inclined to reduce the offense level for an acceptance of responsibility. The court continued the hearing for Chappell and counsel to discuss the matter and for the government to call witnesses to establish that Chappell was subject to section 2K2.1(b)(6).

4

When the hearing resumed, the district court stated that Chappell construed his guilty plea as an "Alford type plea." Chappell confirmed that he contested whether he possessed the ammunition but acknowledged that the government could prove the charge. The government asked the district court to consider whether Chappell's argument was consistent with an acceptance of responsibility. After Chappell again denied actual knowledge of the ammunition, the court ruled that Chappell had not accepted responsibility. The government presented testimony from Officer Hudson about the traffic stop.

Based on the officer's testimony and Chappell's admissions, the court found "that the possession of the ammunition was likely to facilitate [the possession of the methamphetamine], if not that it actually did facilitate that," and applied the four-level enhancement. The district court calculated Chappell's offense level at 24 and ruled, based on the guidelines and the statutory factors, "that the low end of the guidelines provide for an appropriate sentence." The district court sentenced Chappell to 77 months of imprisonment followed by three years of supervised release. Counsel objected to the application of section 2K2.1(b)(6).

## II. STANDARDS OF REVIEW

We review the interpretation and application of the Guidelines <u>de novo</u> and related findings of fact for clear error. <u>United States v. Foley</u>, 508 F.3d 627, 632

(11th Cir. 2007).  Because the district court is in a unique position to evaluate whether a defendant has accepted responsibility, we review with "great deference" the decision to deny a reduction and will not overturn that decision "unless the facts in the record clearly establish that the defendant has accepted responsibility." United States v. Moriarty, 429 F.3d 1012, 1022–23 (11th Cir. 2005) (per curiam). Objections or arguments that are not raised in the district court are reviewed for plain error.  United States v. Beckles, 565 F.3d 832, 842 (11th Cir. 2009).

### III. DISCUSSION

Chappell challenges his sentence on two grounds.  First, Chappell argues that he was entitled to a downward adjustment for his acceptance of responsibility. Second, Chappell argues for the first time on appeal that the ammunition did not facilitate or have the potential to facilitate the possession of methamphetamine. These arguments fail.

The record supports the denial of the downward adjustment.  A defendant may receive a two-level downward adjustment of his offense level if he "clearly demonstrates acceptance of responsibility for his offense[.]"  U.S.S.G. § 3E1.1(a). A plea of guilty before trial and truthful admissions about the charged conduct constitutes "significant evidence of acceptance of responsibility[,]" but may be "outweighed by conduct . . . that is inconsistent with such acceptance . . . ."  Id. §

6

3E1.1 cmt. n.1. Chappell admitted in his factual statement and during his plea colloquy that he "knowingly possessed" the ammunition found in his book bag, but he disavowed that admission after the court accepted his plea of guilt. The district court did not clearly err by denying Chappell a downward adjustment for acceptance of responsibility.

The record also supports the enhancement of Chappell's sentence for possessing ammunition in connection with another felony offense. A defendant is subject to a four-level enhancement if he "used or possessed any firearm or ammunition in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6). The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." Id. cmt. n.14(A). The district court was entitled to find that the ammunition had the potential to facilitate Chappell's felony possession of methamphetamine. In the absence of a contrary interpretation from this Court or the Supreme Court, the district court did not plainly err by applying the enhancement.

## IV. CONCLUSION

Chappell's sentence is **AFFIRMED**.