GILMAN, Circuit Judge,
concurring in part and dissenting in part.
I agree that the district court did not err in failing to grant Coleman the third-level reduction for acceptance of responsibility under U.S.S.G. § 3El.l(b). The reasoning in Judge Rose’s opinion on this issue strikes me as sound, and I therefore concur. On the other hand, I disagree with *216 the majority’s justification for applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) for Coleman’s possession of ammunition. I therefore respectfully dissent on this latter issue.
How the possession of nothing but bullets, absent a gun, facilitates or has the potential to facilitate the offense of possessing marijuana is beyond me. The sentencing transcript indicates that the district court also had difficulty concluding that ammunition alone had the potential to facilitate the marijuana offense. Although it ultimately applied the four-level enhancement, the district court acknowledged that having ammunition without a gun is “like having ... kindling without the match. You can have the kindling all day long; but if you don’t have the match, you can’t start the fire.”
The majority opinion sets forth two justifications for affirming the district court’s determination. First, the majority asserts without explanation that the language of U.S.S.G. § 2K2.1(b)(6) is “plain.” Maj. Op. at 212 n. 1. The language of that section, however, is anything but plain in my opinion. Section 2K2.1(b)(6) specifies that the four-level enhancement should apply “[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense.” Application Note 14(A) then defines the phrase “in connection with” to mean that “the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.” Section 2K2.1(b)(6) thus requires that a court do more than blindly apply the four-level enhancement whenever ammunition is found in close proximity to illegal drugs. Instead, the district court must analyze, on a case-by-case basis, whether the proximity of ammunition alone facilitated or had the potential to facilitate the drug offense. I therefore find that the language of U.S.S.G. § 2K2.1(b)(6) is far from plain.
The majority opinion’s second justification for affirming the judgment of the district court boils down to saying that “the ammunition emboldened Coleman in the knowledge that he was one step closer to having a fully-loaded firearm to protect himself and his illegal drugs, and the ammunition potentially served notice to potential buyers that Coleman was a step closer to having a fully-loaded firearm.” Maj. Op. at 212. But this “one step closer” argument does not withstand scrutiny. The record contains no evidence that Coleman had a gun anywhere around, and bullets alone could hardly embolden him or scare potential buyers who might be inclined to steal his marijuana.
Many things could in theory put a person “one step closer” to having a firearm, such as applying for a firearms permit, having a holster, possessing a laser scope, or earning money to be able to purchase a weapon. But only actual possession of a firearm, would potentially “facilitate” drug dealing under this court’s “fortress theory,” because displaying bullets alone can cause no harm. On the other hand, displaying a gun would definitely intimidate someone intending to steal the seller’s drugs. And this is true even if the gun is unloaded, because the person staring down the barrel of a gun has no way of knowing whether it is loaded or unloaded. The district court clearly recognized this point: “If I have a gun that is not loaded and I point my gun at you, you don’t know whether my gun is loaded or not. If I have a bullet and I point my bullet at you, you know that I don’t have a gun.” This refutes the majority’s contention that Coleman’s reasoning leads to the “absurd result” that only a loaded gun could result in a four-level enhancement. Maj. Op. at *217 213. Coleman in fact does not make such an argument.
Section 2K2.1(b)(6) and Application Note 14(A) do, as the majority repeatedly emphasizes, refer to firearm and ammunition in the disjunctive. But Application Note 14(B), whose relevance the majority fails to acknowledge, links the fortress theory solely to the possession of a firearm. It reads as follows:
Application When Other Offense is Burglary or Drug Offense. — Subsection[ ](b)(6) ... applies] ... in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia. In these cases, application of subseetion[ 1(b)(6) ... is warranted because the presence of the firearm has the potential of facilitating another felony offense....
Application Note 14(B)’s limitation to a firearm implies that the fortress theory does not apply to the possession of ammunition. Unlike drug-trafficking cases where a firearm is found in close proximity to the drugs, there is no presumption of facilitation where ammunition alone is found. Rather, under Application Note 14(A), a district court must determine if the ammunition actually facilitated the commission of another felony offense.
This is not to say that the possession of ammunition alone could never facilitate another felony offense. The four-level enhancement under U.S.S.G. § 2K2.1(b)(6) could apply to the possession of ammunition alone, for example, where two conspirators plan to rob, say, a bank, with one to bring a gun and the other to bring the ammunition for the gun. In this hypothetical, the one possessing the ammunition could clearly be found to have facilitated the crime of bank robbery, and thus be subject to the four-level enhancement. But that is not the situation in the case before us.
As the majority notes, “[tjhere is no binding caselaw directly on point.” Maj. Op. at 212. The only case it can find that supports the enhancement under circumstances similar to those at hand is the unreported Eleventh Circuit case of United States v. Chappell, 334 Fed.Appx. 970 (11th Cir.2009). Maj. Op. at 212, 214. But Chappell is a three-page per curiam opinion that contains no reasoning at all on the issue in question. The total analysis in Chappell on the application of U.S.S.G. § 2K1.1(b)(6) is the following:
The record also supports the enhancement of Chappell’s sentence for possessing ammunition in connection with another felony offense. A defendant is subject to a four-level enhancement if he “used or possessed any firearm or ammunition in connection with another felony offense.” U.S.S.G. § 2K2.1(b)(6). The enhancement applies “if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense.” Id. cmt. n. 14(A). The district court was entitled to find that the ammunition had the potential to facilitate Chappell’s felony possession of methamphetamine. In the absence of a contrary interpretation from this Court or the Supreme Court, the district court did not plainly err by applying the enhancement.
Id. at 973 (alterations omitted).
The present case, therefore, is the first and only published decision in the entire country applying the four-level enhancement under U.S.S.G. § 2K2.1(b)(6) where the possession of ammunition alone is deemed to facilitate the crime of drug dealing. Because there appears to me no *218 logical support for such a conclusion in this case, I respectfully dissent.